U.S. Department of Labor   FILED/REC'D

Administrative Review Board, 2026 FEB -5 A 9: 19

200 Constitution Ave. NW
Washington, DC 20210-0001

CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

IN THE MATTER OF:

RUSSELL MARKS,

   *Complainant,*

v.

CONOPCO, INC., d/b/a UNILEVER,

   *Respondent.*

26 CV 086 WMC

ARB CASE NO. 2025-0084

ALJ CASE NO. 2025-TAX-00017

ALJ THERESA C. TIMLIN

# PETITION TO VACATE ORDER DENYING RECONSIDERATION & APPEAL TO US DISTRICT COURT

Complainant Russell Marks, proceeding pro se, respectfully petitions this Board to vacate its Order Denying Reconsideration dated December 16, 2025. This petition is filed pursuant to the Board's inherent authority to reconsider its decisions in the interests of justice and due process.

## I. STATEMENT OF FACTS

1. On August 15, 2025, Complainant filed a petition for review of the ALJ's denial of his recusal motion, which the Board construed as a request for interlocutory review.

2. On August 26, 2025, the Board issued an Order to Show Cause, ordering Complainant to file a brief by September 9, 2025, explaining why the interlocutory appeal should not be dismissed.

3. On September 8, 2025, Complainant requested a 30-day extension due to a documented medical emergency requiring specialist evaluation within 1-2 weeks.

4. On September 10, 2025, the Board granted the extension, extending the deadline to October 9, 2025, and warned that "further extension requests by Complainant will not be granted, unless justified by extraordinary circumstances and supported by appropriate documentation."

5. Throughout this period, Complainant's email inbox was full and not receiving messages, a technical issue that persisted for months and prevented receipt of critical correspondence.

6. Complainant was experiencing ongoing serious medical conditions that severely limited his ability to respond to legal deadlines, beyond the initial 1-2 week period referenced in his urgent care documentation.
7. The Board's certified mailings were returned as unclaimed, and Complainant did not receive actual notice of the Board's orders due to his full email inbox.
8. On November 20, 2025, the Board dismissed Complainant's appeal on two independent grounds: (1) failure to file a response brief, and (2) lack of exceptional circumstances justifying interlocutory review.
9. Upon discovering the dismissal on November 23, 2025, Complainant immediately notified the Board of the circumstances preventing his response and offered to provide complete medical documentation.
10. On December 16, 2025, the Board denied reconsideration, concluding that Complainant received the Order to Show Cause because he responded to the initial email requesting an extension.

## II. ARGUMENT

### A. The Board's Finding of Actual Notice Is Not Supported by the Record

The Board concluded that Complainant received the Order to Show Cause because he responded to an email on September 8, 2025, requesting an extension. This finding is legally and factually insufficient to establish actual notice for several reasons.

*First*, Complainant's email inbox was demonstrably full during the relevant period, preventing receipt of subsequent messages. While Complainant may have received one email on August 26, 2025—which prompted his September 8 response—this does not establish that he received *subsequent* communications from the Board. A full inbox prevents delivery of new messages while not affecting messages already received before the inbox reached capacity. The Board's logic conflates receipt of *one* message with receipt of *all* messages.

*Second*, the Board's certified mail was returned unclaimed, establishing that Complainant did not receive notice through that avenue. The Board cannot rely solely on email delivery when: (a) the one email response does not prove continued inbox functionality, and (b) the certified mail—the Board's backup delivery method—failed to reach Complainant.

*Third*, fundamental fairness requires that notice be *actual*, not merely constructive. Administrative proceedings must comport with due process, which at a minimum requires meaningful notice and an opportunity to be heard. The Board's finding that Complainant "clearly received the Board's Order and simply did not respond to it as required" is based on speculation and ignores the documented technical issues and medical circumstances.

The Board's dismissal of Complainant's inbox issue as "not entirely credible" because he "clearly received and responded to at least two of the Board's three orders" again misunderstands email functionality. If Complainant's inbox became full after receiving the first two emails, he would not receive the third. This is precisely what Complainant has represented occurred. The Board provides no evidence to contradict this explanation.

### B. Complainant's Medical Emergency Constituted Extraordinary Circumstances Warranting Further Accommodation

The Board acknowledged that Complainant had a documented medical emergency requiring specialist evaluation, yet concluded that 86 days was "far more than" sufficient time to respond. This reasoning fails to account for the ongoing nature of serious medical conditions.

The urgent care note specifically stated that Complainant needed to be seen by a specialist "in 1-2 weeks for reevaluation." This language contemplates an ongoing medical issue requiring specialist intervention, not a brief, self-limiting condition. The Board's assumption that Complainant's medical issues resolved within the initial 1-2 week period is unsupported and contradicts the plain language of the medical documentation.

Furthermore, Complainant, as a pro se litigant facing serious medical issues, may not have understood that he needed to file *another* extension request when he never received confirmation that his medical issues were considered extraordinary circumstances. The Board's statement that "further extension requests will not be granted, unless justified by extraordinary circumstances" is ambiguous—did it mean that the current medical emergency did *not* constitute extraordinary circumstances? A pro se litigant could reasonably interpret this warning as a denial of the ongoing medical circumstances as a basis for further extensions.

Complainant immediately offered to provide complete medical documentation upon learning of the dismissal. The Board's refusal to consider such documentation—which would definitively establish the extent and duration of Complainant's medical incapacity— constitutes an abuse of discretion. The interests of justice require that such documentation be considered before a final determination is made regarding Complainant's ability to comply with the Board's deadlines.

I can certainly submit my medical issues to the court for proof of this.

### C. The Board Failed to Provide Appropriate Accommodation for Complainant's Pro Se Status

Courts and administrative tribunals have long recognized that pro se litigants must be afforded reasonable latitude and their pleadings construed liberally. The Board states it "ordinarily afford[s] certain latitude and leniency to pro se litigants," but failed to extend such accommodation here despite multiple indicators that Complainant was acting in good faith:

- Complainant timely requested an extension when he encountered medical difficulties;
- Complainant provided medical documentation supporting his request;
- Complainant immediately contacted the Board upon discovering the dismissal; and
- Complainant offered to provide additional documentation to substantiate his circumstances.

These actions demonstrate a litigant attempting in good faith to comply with procedural requirements while facing significant obstacles. Rather than dismissing the appeal on procedural grounds, the Board should have permitted Complainant to file a late response or, at minimum, reviewed the complete medical documentation before reaching a final determination.

### D. The Underlying Recusal Issue Has Substantial Merit and Should Be Addressed

While the Board found that judicial disqualification issues are "fully reviewable on appeal from the ALJ's final decision," this principle does not account for the prejudice that occurs when a case proceeds before a conflicted decision-maker. If the ALJ has an actual conflict of interest, permitting the case to proceed to a final decision before the same ALJ results in:

1. Wasted judicial resources when the final decision must be vacated and the case reassigned;

2. Unnecessary delay in resolution of the underlying whistleblower complaint;

3. Potential prejudice to Complainant from rulings made by a conflicted decision-maker; and

4. Erosion of public confidence in the administrative adjudication process.

The conflict of interest alleged by Complainant should be evaluated on its merits, not dismissed on procedural grounds. Complainant respectfully requests that the Board either: (a) accept the interlocutory appeal and address the recusal issue, or (b) remand to a different ALJ pending resolution of the conflict issue.

The appearance of impropriety is as damaging to the judicial process as actual impropriety. Where a pro se complainant has raised substantial concerns about judicial bias, the Board should err on the side of transparency and fairness by addressing those concerns before permitting the case to proceed.

### E. The Interests of Justice Require Vacatur and Opportunity to Be Heard

The Board possesses inherent authority to reconsider its decisions where the interests of justice so require. This case presents compelling circumstances warranting such reconsideration:

- A pro se litigant faced documented medical emergencies;
- Technical email issues prevented actual notice;
- The litigant acted in good faith throughout;
- The underlying substantive issue (judicial recusal) has significant merit;
- The case involves whistleblower protections under the Taxpayer First Act; and
- No prejudice would result to Respondent from permitting a late filing.

Dismissal on procedural grounds prevents adjudication of important substantive rights. The Taxpayer First Act's whistleblower protections serve critical public policy goals, and complainants should not be deprived of their statutory rights due to medical emergencies and technical difficulties, particularly where those circumstances have been promptly brought to the Board's attention with offers to provide complete supporting documentation.

## III. RELIEF REQUESTED & APPEAL TO US DISTRICT COURT

WHEREFORE, Complainant Russell Marks respectfully requests that this Board:

I. Vacate its Order Denying Reconsideration dated December 16, 2025;

II. Vacate its Decision and Order Denying Interlocutory Appeal dated November 20, 2025;

III. Grant Complainant leave to file a response to the Order to Show Cause, with an appropriate deadline accounting for Complainant's medical circumstances;

IV. Permit Complainant to submit complete medical documentation establishing the extent and duration of his incapacity;

V. In the alternative, accept the interlocutory appeal and address the merits of the ALJ recusal issue; and

VI. Grant such other and further relief as the Board deems just and proper.

VII.   Please consider this motion an appeal to US District Court as well.

The interests of justice, fundamental fairness, and the important public policy underlying the Taxpayer First Act's whistleblower protections all favor granting Complainant an opportunity to be heard on the merits of his recusal motion, rather than foreclosing his appeal based on procedural defaults caused by documented medical emergencies and technical issues beyond his control.

Respectfully submitted,

___/s/ Russell Marks___
Russell Marks, Pro Se
201 North Blair Street, Apt 203
Madison, WI 53703
Date: ___Feb 4th 2026___