IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RUSSELL MARKS,

                     Plaintiff,                  OPINION AND ORDER

    v.

                                                                      26-cv-86-wmc

CONOPCO, INC., *doing business as* UNILEVER,

                     Defendant.

      Self-represented plaintiff Russell Marks has filed this action against defendant Conopco, Inc., seeking review of an interlocutory decision by the U.S. Department of Labor Administrative Review Board. (Dkt. #1.) Plaintiff has paid the full filing fee for this action, so the complaint does not have to be screened under the *in forma pauperis* statute, 28 U.S.C. § 1915(e). However, the court has the inherent authority to screen the case on its own. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non prisoners alike, regardless of fee status."). Here, the court directed the clerk of court to withhold service until the court reviewed the complaint for potential jurisdictional issues. (Dkt. #2.)

      On review, the court accepts plaintiff's allegations as true and construes them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this lenient standard, however, plaintiff's complaint must be dismissed without prejudice because it fails to comply with

Federal Rule of Civil Procedure 8, which requires a plaintiff to provide notice to the defendant of what he believes defendant did to violate his rights.

Specifically, plaintiff's complaint is entitled "Petition to Vacate Order Denying Reconsideration & Appeal to U.S. District Court," is addressed to the Administrative Review Board, and references the Board's dismissal of his petition for review of an administrative law judge's denial of a recusal motion.  Plaintiff's complaint further suggests that the Board's order was interlocutory and there are ongoing proceedings before an ALJ regarding a complaint he filed with the Secretary of Labor under the Taxpayer First Act ("TFA"), 26 U.S.C. § 7623(d), which prohibits an employer from terminating an employee "in reprisal for any lawful act done by the employee to provide information . . . regarding underpayment of tax or any conduct which the employee reasonably believes constitutes a violation of the internal revenue laws or any provision of Federal law relating to tax fraud."  § 7623(d)(1)(A).  However, "[a] plaintiff may bring a TFA claim in federal district court only after first filing a complaint with the Secretary of Labor and only 'if the Secretary of Labor has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant.'"  *Biggins v. N. Ohio Med. Specialists, LLC*, 731 F. Supp. 3d 892, 895 (N.D. Ohio 2024) (citing § 7623(d)(2)(A)).  Plaintiff has not alleged that he has met these administrative requirements *before* bringing his claim in this court.  Thus, without more information, the court cannot determine whether it has jurisdiction in this case.

Accordingly, the court will allow plaintiff a brief opportunity to amend his complaint to provide more detailed information about:  (1) the subject of his TFA complaint; (2) when (what date) he filed the complaint; and (3) whether the ALJ or the Board has reached a decision as to the merits of that complaint and the result, if any.

ORDER

IT IS ORDERED that:

1) Plaintiff's complaint (dkt. #1) is DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8.

2) Plaintiff shall have until March 13, 2026, to submit an amended complaint that provides additional details described in this order, as set forth above. If plaintiff submits a proposed amended complaint by that date, the court will review it for potential jurisdictional issues, but if he files nothing, the court will dismiss this case with prejudice for failure to prosecute, under Federal Rule of Civil Procedure 41(b).

Entered this 20th day of February, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge